UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

GLSK, LLC

CIVIL ACTION

VERSUS

NO. 12-459-JJB

BHIKHABHAI A. PATEL

### RULING ON CROSS-MOTIONS FOR PARTIAL SUMMARY JUDGMENT

This matter is before the Court on cross-motions for partial summary judgment filed by Defendant Bhikhabhai A. Patel ("Patel") and Plaintiff GLSK, LLC ("GLSK"). Patel filed a motion for partial summary judgment (Doc. 8), GLSK filed an opposition (Doc. 10), and Patel filed a reply (Doc. 14). GLSK filed a cross-motion for partial summary judgment (Doc. 12), to which Patel filed an opposition, in which Patel adopts by reference his previous motion for partial summary judgment and his reply. (Doc. 16). Oral argument is not necessary. The Court's jurisdiction exists pursuant to 28 U.S.C. § 1332. For the reasons herein, the Defendant's motion for partial summary judgment (Doc. 8) is DENIED. The Plaintiff's cross motion for partial summary judgment (Doc. 12) is also DENIED.

I.

GLSK brought this action against Patel, alleging that on or about January 5, 2012, GLSK and Patel entered into a lease for premises located at 58480

1

Belleview Drive, Plaquemine, LA[1]. (Doc. 1). The lease cites Patel as tenant; in several instances throughout the lease, Patel signed "President of Marpat Corp." in addition to his name and initials. In the beginning of May of 2012, Patel allegedly removed his belongings from the premises and ceased business operations, constituting a default on the lease. On or about May 23, 2012, GLSK notified Patel of his default, which amounts to $98,693.84.

Both GLSK and Patel have filed cross-motions for summary judgment, asking this Court to determine whether Patel should be held personally responsible for the default. GLSK maintains that Patel should be held personally responsible because he was the tenant and he never indicated that he was signing the lease in a representative capacity. However, Patel maintains that he should not be held personally responsible because he entered into the lease in a representative capacity, as the president of Marpat Corporation ("Marpat Corp.").[2]

II.

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The movant, or party seeking summary judgment, bears the

---

[1] Although the parties do not identify the premises, the Court presumes that this is for a lease for premises located at the Belleview Shopping Center in Plaquemine, LA.

[2] Marpat Corporation is not a defendant.

burden of showing "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

In his motion for partial summary judgment, (Doc. 8-1), Patel argues that he negotiated and executed the lease in his representative capacity as President of Marpat Corp. on behalf of the corporation. In support of his argument, Patel alleges that he executed the lease by signing "President of Marpat Corp." below his name or initials and disclosed his intention to represent Marpat Corp. to GLSK, and that the lease clearly designates Marpat Corp. as the tenant, not Patel. (Doc. 14). He contends, therefore, that he should not be personally liable for the default on the lease. In response, (Doc. 10), and asserted in its cross motion for partial summary judgment, (Doc. 12-1), GLSK argues that negotiations for the lease were conducted with Patel in an individual capacity and that at no time during negotiations, with the exception of Patel's handwritten additions of "President of Marpat Corp." to his signature, did Patel express that he was operating in a representative capacity. In support, GLSK points to the lease (Defendant's Exh. A), which, as typed, only identifies Patel as tenant; the only references to Marpat Corp. are from the Defendant's handwritten additions to his signature and the payment form indicating Marpat Corp. as paying the rent. GLSK contends that, as party to the lease, Patel is personally liable for the default.

Patel contends in his answer to the complaint, (Doc. 4) and affidavits, (Doc. 8-1; Doc. 14-1), that it was his intent to execute the lease in his corporate

3

capacity as President of Marpat Corp. and that "his execution of the lease as President of Marpat Corp. was clear, unequivocal and unambiguous." (Doc. 14-1 at 1). Additionally, Patel states in his affidavit, (Doc. 14-1), and his reply to Plaintiff's cross motion for partial summary judgment, (Doc. 14), that he disclosed to GLSK that the tenant was Marpat Corp. However, GLSK contends in its opposition to Patel's partial motion for summary judgment, (Doc. 10), and in its cross motion for partial summary judgment, (Doc. 12-1), that it believed Patel to be negotiating for tenancy in his individual capacity. The affidavits of Gregory English, an authorized representative of GLSK, (Doc. 10-1), and Carmen Austin, GLSK's real estate agent for their Belleview Shopping Center property, (Doc. 10-2), directly conflict with Patel's statement regarding disclosure of his representative capacity; both of their affidavits state that there was no such understanding that Patel was executing the lease on behalf of Marpat Corp. and that at no time during negotiations did Patel disclose that he was representing a corporate entity or negotiating in anything but his individual capacity.

    Interpretation of a contract is a legal question which may be properly resolved in a motion for summary judgment. *Carleton Constr., Ltd. v. Southern States Plumbing, Inc.*, 827 F.Supp.2d 659 (E.D. La. 2011). However, both the Plaintiff and Defendant direct the Court to the wrong law of contracts to apply when clarifying the lease in question. LSA R.S. 10:3-402, regarding intent to sign in a representative capacity, is cited by both parties in support of each motion for partial summary judgment; yet, LSA R.S. 10:3-402 applies to negotiable

instruments, and a lease, at issue here, is not a negotiable instrument. ("Article 3 [of the Revised Statutes, on negotiable instruments] is not meant to apply to…the sale or lease of real property…." LSA R.S. 10:3-104, cmt. 2.) Therefore, the case law cited by both parties is not controlling over the facts before the court.

GLSK and Patel should have directed the Court to the Louisiana law of representation and mandate, which is the controlling law based on these facts. While in the pleadings Patel argues that he was signing the lease in a representative capacity, and conversely, GLSK argues that he was not, the correct issue should be whether or not Patel signed the lease as a mandatary, or agent, of Marpat Corp. and should be held personally liable. At the heart of this issue is whether or not a mandatary-principal relationship existed between Patel and Marpat Corp., and if so, whether or not Patel disclosed his mandatary status to GLSK during negotiations for the lease.

The Louisiana Civil Code controls when determining the existence of a mandatary-principal relationship and the obligations of each when contracting with a third party. While Article 2993 states generally that a contract of mandate is not required in any particular form, Article 2996 requires that the authority to lease a thing must be given expressly. LSA-C.C. Art. 2993; LSA-C.C. Art. 2996. If such express authority is granted, Article 3010 states that the principal is bound to perform the obligations that the mandatary contracted, within the limits of the mandatary's authority; the principal is not bound to perform obligations which exceed the mandatary's limits of authority, unless the principal ratifies those

5

obligations. LSA-C.C. Art. 3010. If the mandatary exceeds his authority, he is bound to the third party with whom he contracts, unless that party knew at the time that the contract was made that the mandatary had exceeded his authority or the principal ratifies the obligation. LSA-C.C. Art. 3019.

The Court does not have enough facts to determine whether or not Patel received express authority to act as mandatary for Marpat Corp. in signing the lease with GLSK. Additionally, the Court cannot determine Patel's or Marpat Corp.'s liability without determining whether or not Patel exceeded express authority as a mandatary for Marpat Corp. Marpat Corp. is not involved in this litigation, and Patel has provided no additional information by which to determine the existence of a mandate other than his role as president of the corporation. (Doc. 8-1). Without more information to determine otherwise, this presents a genuine issue of material fact, and summary judgment is improper.

If in fact Patel did have express authority to act as mandatary for Marpat Corp., another factual issue arises over disclosure of that status to GLSK during the negotiations for the lease. Article 3017 states that a mandatary who contracts in his own name without disclosing his status as a mandatary binds himself personally for performance. LSA-C.C. Art. 3017. Additionally, Article 3018 states that even if a mandatary discloses that he is a mandatary without disclosing the principal, the mandatary is still personally bound until the principal is disclosed. LSA-C.C. Art. 3018.

A genuine issue of material fact exists regarding whether Patel disclosed that he was signing the lease as a mandatary for Marpat Corp. and if so, when that disclosure took place. Patel contends that he disclosed his intent to execute the lease on behalf of Marpat Corp., (Doc. 14; Doc. 14-1), while GLSK argues that no such disclosure ever took place, (Doc. 10; Doc. 12-1). There are conflicting statements of fact in both Patel's affidavit (Doc. 14-1) and the affidavits of English and Austin (Doc. 10-1; Doc. 10-2), acting on behalf of GLSK, whether there was such a disclosure. Without enough facts to determine if and when Patel disclosed his mandatary status to GLSK, there exists a genuine issue of material fact, and summary judgment is improper.

III.

Accordingly, the Defendant's motion for partial summary judgment (Doc. 8) is hereby DENIED. The Plaintiff's cross motion for partial summary judgment (Doc. 12) is also DENIED.

Signed in Baton Rouge, Louisiana, on February 19th, 2013.

**JAMES J. BRADY, DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**